*E-Filed 10/19/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK J. SAVOY, | No. C 15-2478 RS (PR) |
|     Petitioner, | **ORDER STAYING PETITION** |
|     v. | |
| STU SHERMAN, | |
|     Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. To this end, he has filed a petition for writ of habeas corpus and a motion to stay the action so that he can exhaust his claims in state court. For the reasons stated herein, the motion for a stay is GRANTED and the action is STAYED.

## BACKGROUND

According to the petition, in 2011, an Alameda County Superior Court jury convicted petitioner of murder, armed first degree robbery, forcible rape, forcible oral copulation and attempted murder. He was sentenced to 78 years to life in state prison.

**DISCUSSION**

Petitioner seeks a stay so that he can exhaust certain claims that appellate counsel failed to raise on appeal.  Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982).  In fact, a federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective."  *See* 28 U.S.C. § 2254(b)(1)(A)–(B).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See Lundy*, 455 U.S. at 510.

A district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court.  *See Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).  In *Rhines*, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  *Id.*  If the stay is granted, the petitioner does not have to worry that his newly-exhausted claims will be barred by the statute of limitations because those claims remain pending in federal court.  *King v. Ryan*, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009).

Petitioner's motion for a *Rhines* stay is GRANTED, good causing appearing therefor.  The action is STAYED so as to allow petitioner to exhaust his claims in state court.  Nothing further will take place in this action until the Court decides further action is appropriate, or until petitioner exhausts the unexhausted claims and, within thirty days of doing so, moves to

reopen this action and to lift the stay.  The Clerk shall ADMINISTRATIVELY CLOSE the file, and terminate Docket No. 3.

The Court notes that the filing fee has been paid.  Petitioner's motions to proceed *in forma pauperis* are DENIED as moot.

**IT IS SO ORDERED**.

DATED:  October 19, 2015

_____
RICHARD SEEBORG
United States District Judge